2015 OK CIV APP 20

**Melissa FOSTER, Plaintiff/Appellee,**

v.

**Vernon McDOWELL,
Defendant/Appellant.**

**No. 112,570.**

Court of Civil Appeals of Oklahoma,
Division No. 1.

Jan. 22, 2015.

---

Bret A. Smith, Attorney at Law, P.C., Muskogee, Oklahoma, for Plaintiff/Appellee.

D.D. Hayes, Hayes Law Office, Muskogee, Oklahoma, for Defendant/Appellant.

ROBERT D. BELL, Judge.

¶ 1 In this paternity action, Respondent/Appellant, Vernon McDowell, appeals from the trial court's decree of paternity and its order denying his motion to vacate the decree of paternity. Appellant admitted to the trial court that he is the putative father of the minor child, R.D.P. Based on that admission, we cannot find the trial court exceeded its jurisdiction in decreeing Appellant's paternity or that it abused its discretion in denying his motion to vacate the decree of paternity. The trial court's decree of paternity and order denying the motion to vacate are affirmed.

¶ 2 Petitioner/Appellee, Melissa Foster, is the mother of the child. Mother was married when the child was born on January 10, 2010, to Ryan David Pratt (Husband). Husband was listed as the father on child's birth certificate. Husband initiated divorce proceedings against Mother on May 2, 2011. On July 25, 2011, when the child was one and one-half (1 ½) years old, the family court entered a minute order, based on Mother's and Husband's stipulation, finding Husband is not the father of the child. The decree of divorce entered January 11, 2012, when the child was two years and one day old, found Mother and Husband agreed and stipulated that Husband was not the father of the child.

¶ 3 Mother filed a paternity suit against Appellant on August 15, 2013, pursuant to the Oklahoma Uniform Parentage Act, 10 O.S.2011 § 7700–101 *et seq.* (Act). Husband was not a party to this paternity proceeding. According to the trial court's docket and Appellant's brief-in-chief, Appellant appeared at the hearing on September 25, 2013, and admitted he is the biological father of the child. Based on this admission, the trial court entered a decree of paternity on December 2, 2013, finding Appellant is the biological father of the child and ordering Appellant to pay child support.

¶ 4 On December 10, 2013, Appellant filed a motion to vacate the paternity decree arguing the two-year statute of limitations for paternity suits in 10 O.S.2011 § 7700–607 prevented the trial court's adjudication of Appellant's paternity and entry of the order for child support. The court denied the motion to vacate and ordered Father to pay $500.00 of Mother's attorney fees for having to defend against "the groundless" motion to vacate. Appellant now appeals.

¶ 5 Appellant argues the trial court acted contrary to public policy when it adjudicated his paternity to a child who already has a presumed father under the Act. Appellant contends Husband is the presumed father

because he failed to comply with the statutory requirements in the Act to establish his non-paternity. This appeal raises a question of law which this Court reviews *de novo.* *K & H Well Serv., Inc. v. Tcina, Inc.,* 2002 OK 62, ¶ 9, 51 P.3d 1219 ("[W]hether the facts (once established) demonstrate substantial compliance with applicable statutory requirements—is largely a question of law for the trial court to resolve.").

¶ 6 Appellant specifically claims Husband did not timely deny his paternity in accordance with the two-year statute of limitations set forth at 10 O.S.2011 § 7700–303; therefore, Husband is the presumed father of the child by operation of law. Mother counters Husband properly disproved the father-child relationship between Husband and child by filing a petition for dissolution of marriage against Mother on May 2, 2011, before the child became two years old. Mother asserts the filing of this action resulted in a timely stipulation that Husband was not the father of said child.

¶ 7 After *de novo* review, we hold Husband successfully rebutted the presumption of his paternity in compliance with the Act. Section 7700–607(A) provides: "[a] proceeding brought by a presumed father, the mother, or another individual to adjudicate the parentage of a child having a presumed father shall be commenced not later than two (2) years after the birth of the child." Section 7700–610(A) provides: "[a] proceeding to adjudicate parentage may be joined with a proceeding for adoption, termination of parental rights, child custody or visitation, child support, dissolution of marriage, annulment, legal separation, probate or administration of an estate, or other appropriate proceeding."

¶ 8 Here, Husband *commenced* an action to dissolve his marriage to Mother within a year and a half of the child's birth; thus, Husband's action to rebut his status as the presumed father of the child was clearly commenced within the two-year restriction of the Act. Furthermore, within two-years of the child's birth, the family court entered a minute order adjudicating that Husband was not the father of the child. This adjudication of Husband's non-paternity legally rebutted the statutory presumption of his paternity of

the child born during the marriage even though Husband did not sign a denial of his paternity pursuant to § 7700–303.

¶ 9 Appellant claims *Stevens v. Griggs,* 2013 OK CIV APP 104, —— P.3d ——, mandates the reversal of this case. This case is distinguishable from *Stevens.* In *Stevens,* the mother appealed the district court's dismissal of her petition to establish paternity against the alleged father. The mother filed her paternity action six years after the child's birth. Throughout that six year period, the husband believed he was the child's father, he held the child out as his son, and raised the child in his household as his own. Even though the biological test showed the alleged father was the child's natural father, the appellate court held under the Act, the husband's status as the presumed father was irrebuttable because the paternity action was commenced later than two years after the child's birth.

¶ 10 Here, the issue of Husband's paternity of the child born the during the marriage was actually commenced in the family court within two years of the child's birth. We therefore reject Appellant's claim that Husband was the presumed father of the child under *Stevens* and by operation of law.

¶ 11 We also reject Appellant's assertion that Mother's paternity action was untimely filed against Appellant. Because Husband successfully rebutted the presumption of his paternity within a timely commenced proceeding which sought to disprove the father-child relationship, the child had no presumed, acknowledged or adjudicated father. Under these facts, § 7700–606 authorized Mother to bring this paternity action against Appellant more than two years after the child's birth. This section provides, in part: "A proceeding to adjudicate the parentage of a child having no presumed, acknowledged, or adjudicated father may be commenced at any time . . . ." *Id.*

¶ 12 Appellant also contends the trial court exceeded its jurisdiction when it decreed his paternity of the child. Appellant's argument is disingenuous considering that Appellant *admitted* his paternity to the

trial court, as reflected by the trial court's docket,[1] and in his appellate brief-in-chief.[2]

¶ 13 Furthermore, § 7700–623 of the Act provides:

A. A respondent in a proceeding to adjudicate parentage may admit to the paternity of a child by filing a pleading to that effect or by admitting paternity under penalty of perjury when making an appearance or during a hearing.

B. If the court finds that the admission of paternity satisfies the requirements of this section and finds that there is no reason to question the admission, the court shall issue an order adjudicating the child to be the child of the man admitting paternity.

Based on this statutory language and Appellant's admission to paternity, we hold the trial court properly adjudicated Appellant to be the father of the child and reject Appellant's claim that the trial court exceeded its jurisdiction under the Act.

¶ 14 We conclude the trial court properly entered its decree of paternity. Because we uphold the decree of paternity, we find the trial court did not abuse its discretion by denying Appellant's motion to vacate the decree of paternity. Both the decree of paternity and the trial court's order denying Appellant's motion to vacate are therefore affirmed.

¶ 15 AFFIRMED.

GOREE, P.J., and BUETTNER, J., concur.

---

1. This Court takes judicial notice of the district court's dockets. *Collier v. Reese*, 2009 OK 86 n. 7, 223 P.3d 966.

2. The court minute memorializing Appellant's admission was not included in the appellate record. Appellant's admission against his interest in his brief supplements any deficiency in the record. *Reeves v. Agee*, 1989 OK 25, ¶ 16, 769 P.2d 745.