OSCN Found Document:FOSTER v. McDOWELL

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 FOSTER v. McDOWELL
2015 OK CIV APP 20
344 P.3d 1102
Case Number: 112570
Decided: 01/22/2015
Mandate Issued: 03/02/2015
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2015 OK CIV APP 20, 344 P.3d 1102

 

MELISSA FOSTER, Plaintiff/Appellee,
v.
VERNON McDOWELL, 
Defendant/Appellant.

APPEAL FROM THE DISTRICT COURT OF
MUSKOGEE COUNTY, 
OKLAHOMA
HONORABLE THOMAS H. ALFORD, JUDGE

AFFIRMED

Bret A. Smith, BRET A. SMITH, ATTORNEY AT LAW, P.C., Muskogee, Oklahoma, for 
Plaintiff/Appellee,
D. D. Hayes, HAYES LAW OFFICE, Muskogee, Oklahoma, for 
Defendant/Appellant.


ROBERT D. BELL, JUDGE:
¶1 In this paternity action, Respondent/Appellant, Vernon McDowell, appeals 
from the trial court's decree of paternity and its order denying his motion to 
vacate the decree of paternity. Appellant admitted to the trial court that he is 
the putative father of the minor child, R.D.P. Based on that admission, we 
cannot find the trial court exceeded its jurisdiction in decreeing Appellant's 
paternity or that it abused its discretion in denying his motion to vacate the 
decree of paternity. The trial court's decree of paternity and order denying the 
motion to vacate are affirmed.
¶2 Petitioner/Appellee, Melissa Foster, is the mother of the child. Mother 
was married when the child was born on January 10, 2010, to Ryan David Pratt 
(Husband). Husband was listed as the father on child's birth certificate. 
Husband initiated divorce proceedings against Mother on May 2, 2011. On July 25, 
2011, when the child was one and one-half (1½) years old, the family court 
entered a minute order, based on Mother's and Husband's stipulation, finding 
Husband is not the father of the child. The decree of divorce entered January 
11, 2012, when the child was two years and one day old, found Mother and Husband 
agreed and stipulated that Husband was not the father of the child.
¶3 Mother filed a paternity suit against Appellant on August 15, 2013, 
pursuant to the Oklahoma Uniform Parentage Act, 10 O.S. 2011 §7700-101 et 
seq. (Act). Husband was not a party to this paternity proceeding. According 
to the trial court's docket and Appellant's brief-in-chief, Appellant appeared 
at the hearing on September 25, 2013, and admitted he is the biological father 
of the child. Based on this admission, the trial court entered a decree of 
paternity on December 2, 2013, finding Appellant is the biological father of the 
child and ordering Appellant to pay child support.
¶4 On December 10, 2013, Appellant filed a motion to vacate the paternity 
decree arguing the two-year statute of limitations for paternity suits in 10 O.S. 2011 §7700-607 prevented 
the trial court's adjudication of Appellant's paternity and entry of the order 
for child support. The court denied the motion to vacate and ordered Father to 
pay $500.00 of Mother's attorney fees for having to defend against "the 
groundless" motion to vacate. Appellant now appeals.
¶5 Appellant argues the trial court acted contrary to public policy when it 
adjudicated his paternity to a child who already has a presumed father under the 
Act. Appellant contends Husband is the presumed father because he failed to 
comply with the statutory requirements in the Act to establish his 
non-paternity. This appeal raises a question of law which this Court reviews 
de novo. K & H Well Serv., Inc. v. Tcina, Inc., 2002 OK 62, ¶9, 51 P.3d 1219 ("[W]hether the facts 
(once established) demonstrate substantial compliance with applicable statutory 
requirements - is largely a question of law for the trial court to 
resolve.").
¶6 Appellant specifically claims Husband did not timely deny his paternity in 
accordance with the two-year statute of limitations set forth at 10 O.S. 2011 §7700-303; therefore, 
Husband is the presumed father of the child by operation of law. Mother counters 
Husband properly disproved the father-child relationship between Husband and 
child by filing a petition for dissolution of marriage against Mother on May 2, 
2011, before the child became two years old. Mother asserts the filing of this 
action resulted in a timely stipulation that Husband was not the father of said 
child.
¶7 After de novo review, we hold Husband successfully rebutted the 
presumption of his paternity in compliance with the Act. Section 7700-607(A) 
provides: "[a] proceeding brought by a presumed father, the mother, or another 
individual to adjudicate the parentage of a child having a presumed father shall 
be commenced not later than two (2) years after the birth of the child." Section 
7700-610(A) provides: "[a] proceeding to adjudicate parentage may be joined with 
a proceeding for adoption, termination of parental rights, child custody or 
visitation, child support, dissolution of marriage, annulment, legal separation, 
probate or administration of an estate, or other appropriate proceeding."
¶8 Here, Husband commenced an action to dissolve his marriage to 
Mother within a year and a half of the child's birth; thus, Husband's action to 
rebut his status as the presumed father of the child was clearly commenced 
within the two-year restriction of the Act. Furthermore, within two-years of the 
child's birth, the family court entered a minute order adjudicating that Husband 
was not the father of the child. This adjudication of Husband's non-paternity 
legally rebutted the statutory presumption of his paternity of the child born 
during the marriage even though Husband did not sign a denial of his paternity 
pursuant to §7700-303.
¶9 Appellant claims Stevens v. Griggs, 2013 OK CIV APP 104, ___ P.3d ___, 
mandates the reversal of this case. This case is distinguishable from 
Stevens. In Stevens, the mother appealed the district court's 
dismissal of her petition to establish paternity against the alleged father. The 
mother filed her paternity action six years after the child's birth. Throughout 
that six year period, the husband believed he was the child's father, he held 
the child out as his son, and raised the child in his household as his own. Even 
though the biological test showed the alleged father was the child's natural 
father, the appellate court held under the Act, the husband's status as the 
presumed father was irrebuttable because the paternity action was commenced 
later than two years after the child's birth.
¶10 Here, the issue of Husband's paternity of the child born the during the 
marriage was actually commenced in the family court within two years of the 
child's birth. We therefore reject Appellant's claim that Husband was the 
presumed father of the child under Stevens and by operation of law.
¶11 We also reject Appellant's assertion that Mother's paternity action was 
untimely filed against Appellant. Because Husband successfully rebutted the 
presumption of his paternity within a timely commenced proceeding which sought 
to disprove the father-child relationship, the child had no presumed, 
acknowledged or adjudicated father. Under these facts, §7700-606 authorized 
Mother to bring this paternity action against Appellant more than two years 
after the child's birth. This section provides, in part: "A proceeding to 
adjudicate the parentage of a child having no presumed, acknowledged, or 
adjudicated father may be commenced at any time . . . ." Id.
¶12 Appellant also contends the trial court exceeded its jurisdiction when it 
decreed his paternity of the child. Appellant's argument is disingenuous 
considering that Appellant admitted his paternity to the trial court, as 
reflected by the trial court's docket,[1] and in his appellate brief-in-chief.[2]
¶13 Furthermore, §7700-623 of the Act provides:

 
 A. A respondent in a proceeding to adjudicate parentage may admit to the 
 paternity of a child by filing a pleading to that effect or by admitting 
 paternity under penalty of perjury when making an appearance or during a 
 hearing.
 B. If the court finds that the admission of paternity satisfies the 
 requirements of this section and finds that there is no reason to question 
 the admission, the court shall issue an order adjudicating the child to be 
 the child of the man admitting paternity.
Based on this statutory language and Appellant's admission to paternity, we 
hold the trial court properly adjudicated Appellant to be the father of the 
child and reject Appellant's claim that the trial court exceeded its 
jurisdiction under the Act.
¶14 We conclude the trial court properly entered its decree of paternity. 
Because we uphold the decree of paternity, we find the trial court did not abuse 
its discretion by denying Appellant's motion to vacate the decree of paternity. 
Both the decree of paternity and the trial court's order denying Appellant's 
motion to vacate are therefore affirmed.

¶15 AFFIRMED.

GOREE, P.J., and BUETTNER, J., concur.

FOOTNOTES

[1] This 
Court takes judicial notice of the district court's dockets. Collier v. 
Reese, 2009 OK 86 n.7, 223 
P.3d 966.

[2] The 
court minute memorializing Appellant's admission was not included in the 
appellate record. Appellant's admission against his interest in his brief 
supplements any deficiency in the record. Reeves v. Agee, 1989 OK 25, ¶16, 769 P.2d 745.





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2013 OK CIV APP 104, STEVENS v. GRIGGS
Cited
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1989 OK 25, 769 P.2d 745, 60 OBJ 369, Reeves v. Agee
Discussed
 2002 OK 62, 51 P.3d 1219, K & H WELL SERVICE, INC. v. TCINA, INC.
Discussed
 2009 OK 86, 222 P.3d 966, COLLIER v. REESE
Cited
Title 10. Children
 Cite
Name
Level

 10 O.S. 7700-101, Short Title
Cited
 10 O.S. 7700-303, Signed Denial of Paternity - Validity
Cited
 10 O.S. 7700-607, Limitations of Actions
Cited